CADY, Chief Justice
(concurring specially).
I concur in the opinion of the majority on the claims by Huck against PLIVA, but otherwise concur in the result only. I agree with much of the dissent on the claims against the brand defendant, but decline at this time to conclude the public policy considerations that ultimately drive the decision in this case, on balance, support the imposition of a duty of care as suggested by Justice Hecht’s opinion.
After the United States Supreme Court held in PLIVA, Inc. v. Mensing, 564 U.S. -, -, 131 S.Ct. 2567, 2580-81, 180 L.Ed.2d 580, 595 (2011), that warning claims against a generic drug manufacturer were preempted, consumers of generic drugs harmed by its label had little avenue of relief except to turn to the brand drug manufacturer. A credible legal theory of recovery against the brand drug manufacturer has now been pieced together -with the aid of our prior cases, but these efforts do not confront the existing congressional preemption into the broad area of brand and generic drugs. The law can stitch together legal theories into legal claims of action, but the underlying public policy ultimately drives the creation of a duty of care. Normally, courts are able to discern the public policy and apply it to reach an outcome; but in this case, the policies exist within an area fully occupied by Congress and which is still developing. The public policy considerations normally at play to impose a duty of care on manufacturers to protect product consumers are simply too general and attenuated to support the imposition of market-wide liability on the brand manufacturer, especially at a time when its market share is steadily being consumed by the generic drug manufacturer protected from liability.
Courts normally seek to find remedies for wrongs, but the complexity and sheer *382 size of the particular area of inquiry and the role that has been assumed by Congress in regulating and navigating through the area should make courts more than cautious to step in to create legal liability for brand-name manufacturers. The policies at play are currently being developed and shaped by Congress and include policies that militate against court intervention at this time.